CIVIL DOCKET

CASE NO. 67?8

A-01-CA-352

CAPITAL GRAPHICS, Bonn, Texas

| NUMBER OF CASE | | | | NAMES OF PARTIES | ATTORNEYS | | KIND OF ACTION AND PARTY DEMANDING JURY |
|---|---|---|---|---|---|---|---|

| DATE OF ORDERS | | FEE BOOK | | | | PLTF. | DATE OF FILING |
|---|---|---|---|---|---|---|---|
| MONTH | DAY | YEAR | VOL. | PAGE | | | MONTH DAY YEAR |

6708-C

Lee Oliverport & Linda Oliver

vs

Conco Industries, LLC, CEG Holdings, LLC
David Hayes, Robert White, Bank One,
Bank One, N.A., and One Mountain Bank

DEFT.

JURY FEE $   April 30 2001

PAID BY

JURY NO.

RECEIVED
JUN 1 4 2001
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

| ORDERS OF COURT | MINUTE BOOK | | PROCESS |
|---|---|---|---|
| | VOL. | PAGE | |

April 30 2001 Plaintiffs Original Petition

May 7 (00) Execution Issued

May 23 2001 Defendants Answer & Jury

June 14 2001 Notice of Removal

# CIVIL DOCKET

CASE NO. ___ 6708

A-01-CA-352

CAPITAL GRAPHICS, Butin, Tenn.

RECEIVED

JUN 14 2001

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF T...
BY _____ DEPUTY CLERK

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | KIND OF ACTION AND PARTY DEMANDING JURY | DATE OF FILING |
|---|---|---|---|---|

0708-C — Dell Computer and Elirda Olive

vs

PLTF.

DEFT.

**FEE BOOK** VOL. ___ PAGE ___

**DATE OF ORDERS** — MONTH / DAY / YEAR

**ORDERS OF COURT**

| Month Day Year | Order |
|---|---|
| April 30 2001 | Plaintiffs Original Petition |
| May 7 2001 | Citation Issued |
| May 14 2001 | Defendants Answer |
| June 14 2001 | Notice of Removal |

MINUTE BOOK VOL. / PAGE

PROCESS

April 30 2001

1743laws.wpd

NO. 6708-C

| | | |
|---|---|---|
| LEE ORTIVEZ AND | § | IN THE COUNTY COURT |
| ERLINDA ORTIVEZ | § | |
| | § | |
| vs. | § | |
| | § | |
| CAVCO INDUSTRIES, L.L.C.; CRG | § | AT LAW NO. |
| HOLDINGS, L.L.C., D/B/A CAVCO | § | |
| HOME CENTER; ROBERT ORTIZ | § | |
| D/B/A ORTIZ TRACTORWORKS | § | |
| AND CHASE MANHATTAN | § | |
| BANK, USA, N.A. | § | HAYS COUNTY, TEXAS |

*FILED*
*HAYS COUNTY, TEXAS*
_____o'clock_____M.

APR 3 0 2001

*Lee Carlile*
COUNTY CLERK

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

Lee Ortivez and Erlinda Ortivez hereinafter referred to as "Plaintiffs" files this original

petition and complains of CRG Holdings, L.L.C., d/b/a Cavco Home Center hereinafter

referred to as "CAVCO HOME CENTER"; Cavco Industries, L.L.C., hereinafter referred to as

"CAVCO INDUSTRIES"; Robert Ortiz d/b/a Ortiz Tractorworks hereinafter referred to as

"ORTIZ TRACTORWORKS; Chase Manhattan Bank, USA, N.A. hereinafter referred to as

"CHASE MANHATTAN BANK"; hereinafter collectively referred to as "Defendants". At this

time discovery in this case is to be conducted under Level 2 of the Texas Rules of Civil

Procedure.

1.      The Defendant CRG Holdings, L.L.C., d/b/a Cavco Home Center is a

Delaware corporation authorized to do business in the state of Texas. CAVCO HOME CENTER

may be served with process by serving its registered agent or authorized officer or owner:

Corporation Service Company

800 Brazos
Austin, TX 78701

**SERVICE IS REQUESTED AT THIS TIME BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, DELIVERY RESTRICTED TO ADDRESSEE ONLY.**

2.      The Defendant **Robert Ortiz** is an individual doing business as **Ortiz Tractorworks** in the state of Texas and may be served with process by serving him at the following address:

Robert Oritz
P.O. Box 1270
Manchaca, TX 78652

**SERVICE IS REQUESTED AT THIS TIME BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, DELIVERY RESTRICTED TO ADDRESSEE ONLY.**

3.      The Defendant **Cavco Industries, L.L.C.,** is a Delaware corporation authorized to do  business in the state of Texas.  CAVCO INDUSTRIES may be served with process by serving its registered agent:

Corporation Service Company
800 Brazos
Austin, TX 78701

**SERVICE IS REQUESTED AT THIS TIME BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, DELIVERY RESTRICTED TO ADDRESSEE ONLY.**

4.      The Defendant **Chase Manhattan Bank, USA, N.A.** is a foreign corporation doing business in the state of Texas.  CHASE MANHATTAN BANK may be served with process by serving its president:

Michael Barrett, President
Chase Manhattan Bank USA, N.A.
802 Delaware Avenue, 14th Floor
Wilmington, DE 19801

**SERVICE IS REQUESTED AT THIS TIME BY CERTIFIED MAIL, RETURN
RECEIPT REQUESTED, DELIVERY RESTRICTED TO ADDRESSEE ONLY.**

## NATURE OF CASE

5.      Plaintiffs' causes of action against the respective Defendants, CAVCO HOME

CENTER and CAVCO INDUSTRIES and ORTIZ TRACTOR WORKS as identified and

described herein involves and is brought under the following theories of liability:

  a.     Magnuson-Moss Warranty, Federal Trade Commission Improvement Act, 15
         U.S.C. § 2301 et seq. ("Magnuson-Moss");
  b.     Revocation of acceptance, breach of contract and warranty under Tex. Bus. and
         Comm. Code;
  c.     Noncompliance with and/or violations of and/or breach of the statutory duties
         imposed by the Manufactured Housing Standards Act - Article 5221f et. seq. and
         10 Tex. Admin. Code § 80.1 et. seq. which are negligence per se and or deceptive
         trade practices or acts;
  d.     Deceptive Trade Practices Act § 17.41 et. seq. of the Texas Business and
         Commerce Code;
  e.     Fraud;
  f.     Negligence, and negligence misrepresentation and/or gross negligence;
  g.     Breach of the duty of good faith and fair dealing under the Texas Uniform
         Commercial Code;
  h.     Fair Debt Collection Practices Act and Texas Debt Collection Act;
  i.     Violations of U.C.C. and Breach of Duty of Good Faith
  j.     Fair Credit Reporting Act 15 U.S.C. § 1681

6.      The version of the law that applies to Plaintiffs' claims is that version of the law in

effect on January 27, 2000, the date Plaintiffs purchased the manufactured home, the subject of

this lawsuit.

7.      Venue is proper in Hays County, Texas.  All or part of Plaintiffs' causes of action

against one or more of the Defendants arose in Hays County, Texas, and Hays County, Texas is

the county where all or a substantial part of the events or omissions giving rise to Plaintiffs' claim

occurred, or where the transactions were solicited or where the Plaintiffs resided at the time their

claim accrued and where the manufactured home was sold, delivered, installed, set-up and

repairs performed and breach of warranty by the retailer or manufacturer occurred or where one

or more of the Defendants maintain their respective places of business or have agents and

representatives. )

      8.     By reason of the above and foregoing, and the factual allegations and causes of

action set out herein, venue of this suit is proper in Hays County, Texas, under one or more of

the provisions of Texas Civil Practice and Remedies Code §§ 15.002; 15.033 15.035;  §17.56 of

the Texas Deceptive Trade Practices Act; and or Texas Finance Code §349.401 and Article 5221f

§ 18(h).

### FACTUAL ALLEGATIONS

      9.     Plaintiffs were solicited by one or more of the Defendants acting as their dealers,

agents or representatives to arrange for credit and the extension of credit to seek and/or purchase

insurance, a manufactured home, and its installation and set-up, permanent foundation,

warranties, and services connected with or related thereto from CAVCO HOME CENTER,

CAVCO INDUSTRIES, CHASE MANHATTAN BANK, and ORTIZ TRACTOR WORKS.

      10.    CHASE MANHATTAN BANK also appears to have been involved in these

transactions.  Directly incidental to and connected with the sale of the manufactured home and

purchase of insurance and acquiring of services was the arrangement for and extension of credit

to obtain a manufactured home loan and other goods and services associated therewith that

required Plaintiffs to delivery property, and/or cash as consideration for the purchase and/or

extension of credit to purchase a manufactured home and other goods and services associated

therewith.

11.     Defendant, CAVCO HOME CENTER solicited and sold Plaintiffs a manufactured home Plaintiffs selected and a permanent foundation for the manufactured home.

12.     Plaintiffs asked Defendant CAVCO HOME CENTER a number of times for a disclosure of the interest rate and price of the manufactured home they wanted and selected to purchase and Defendant CAVCO HOME CENTER was always evasive.

13.     Defendant, CAVCO HOME CENTER did not deliver to Plaintiffs all the special steps advertised for the manufactured home Plaintiffs was shown and purchased as part of sales price for the manufactured home.  Defendant, CAVCO HOME CENTER did not deliver the special steps advertised for the manufactured home after the sale and has still failed to do so.

14.     The sale, credit and insurance transactions for the manufactured home took place at the CAVCO HOME CENTER sales center located at 17100 S. IH-35, Buda, TX, on January 27, 2000 with the assistance of CHASE MANHATTAN BANK.

15.     The Retail Installment Contract - Security Agreement dated January 27, 2000, for the purchase of the manufactured home was executed by CAVCO HOME CENTER, as seller and Plaintiffs as purchaser and CHASE MANHATTAN BANK as Assignee (herein referred to as "Contract").

16.     Defendant, CAVCO HOME CENTER falsely notarized documents in the sale of the manufactured home.

17.     Upon information and belief, CAVCO HOME CENTER engaged in a pattern and practice of misrepresenting to Plaintiffs and other customers what their obligation is regarding property insurance.

18.     At no time during these transactions was there a knowingly and voluntary waiver or giving up of Plaintiffs' constitutional right to a jury trial of all of Plaintiffs' claims.  Arbitration

was not knowingly entered into by Plaintiffs or conspicuously disclosed to Plaintiffs. Arbitration was not conspicuously disclosed as a part of the Plaintiffs' Contract to purchase the manufactured home and other goods and services associated therewith. Arbitration was not the basis of the Plaintiffs bargain with all of the Defendants. Plaintiffs never knowingly and voluntary agreed to give up or waive Plaintiffs' constitutional right to a jury trial of all Plaintiffs' common law and statutory rights and consumer claims that were part of or arose out of or after their credit, sales, installation, warranty, warranty repair, insurance transactions with the Defendants. The excessive costs of arbitration were not disclosed to Plaintiffs. Plaintiffs never received any consideration from the Defendants for arbitration. Plaintiffs dispute the existence of a valid arbitration agreement that covers any or all of Plaintiffs' common law, statutory and consumer claims against the Defendants' individually or collectively as set out herein.

19.     Plaintiffs are consumers as that term is defined in § 17.46(4) of the DTPA, Article 5221f § 3, and Texas Finance Code §347.001(a)(1).

20.     Plaintiffs sought and/or acquired by purchase or directly related to the purchase of the manufactured home its installation/set-up, permanent foundation, warranties, warranty repairs and other goods and services associated therewith and the services of CAVCO HOME CENTER salespersons as that term is defined in Article 5221f § 3 and of CAVCO HOME CENTER as a retailer and installer as those terms are defined in Article 5221f § 3 and as a creditor as that term is defined in Texas Finance Code § 347.002(a)(4) and of CAVCO INDUSTRIES as a manufacturer as that term is defined in Article 5221f § 3 and of CHASE MANHATTAN BANK as a creditor as that term is defined in Texas Finance Code § 347.002(a)(4) and of CAVCO HOME CENTER and ORTIZ TRACTORWORKS as installers of permanent foundations for manufactured housing.

21.    The manufactured home's workmanship during its construction at CAVCO INDUSTRIES factory was not done in a good and workmanlike manner.

22.    The manufactured home's permanent foundation was not done in a good and workmanlike manner.

23.    The manufactured home was not constructed by CAVCO INDUSTRIES free of defects in materials and workmanship and was delivered to Plaintiffs in that defective condition.

24.    CAVCO INDUSTRIES's construction methods were not in conformance with accepted engineering practices to insure durable, livable, and safe housing and do not demonstrate acceptable workmanship reflecting journeyman quality of work of the various trades.

25.    Site improvements and the permanent foundation for the manufactured home were not made to the specifications required by the contract and HUD mandates.  The site improvements included an inadequate permanent foundation for the manufactured home that cannot be fixed.  Delivery and set up of the manufactured home was performed incorrectly by Defendant CAVCO HOME CENTER and ORTIZ TRACTORWORKS and the manufactured home and foundation were incorrectly placed on the Plaintiffs' land.  Defendant, CAVCO HOME CENTER and ORTIZ TRACTORWORKS did not provide Plaintiffs a detailed list of disbursements to contractors used by the Defendants on Plaintiffs behalf and Plaintiffs did not receive the detail and did not receive consideration for the monies distributed to subcontractors.

26.    Defendants CAVCO HOME CENTER, CAVCO INDUSTRIES, and ORTIZ TRACTORWORKS impliedly warranted to the Plaintiffs, under Tex. Bus. & Comm. Code § 2.314, 2.315, and § 17.50(a)(2) of the DTPA that the manufactured home and improvements and permanent foundation the subject of this case would:  (1) be fit for the ordinary purpose for

which they would be used, and; (2) be fit for the particular purpose for which they were required.

27.    The manufactured home was not delivered to Plaintiffs free of defects in

materials and workmanship.

28.    Defendant CAVCO HOME CENTER and ORTIZ TRACTORWORKS expressly

and impliedly warranted or represented as follows:

- that the manufactured home level and would be level for a period of one year, and
- that the manufactured home was installed in accordance with the instructions or specifications of the manufactured home manufacturer, and
- that the manufactured home's installation would be completed in accordance with the manufacturer of the manufactured home's installation instructions;
- that the manufactured home was still constructed and had the quality and characteristics of a HUD code built manufactured home because the HUD label was still attached thereto.
- that the manufactured home was not to be damaged during installation and set up.
- that the manufactured home was to come with special steps as advertised.

29.    In fact the manufactured home was not level for one year and it was not installed

with an engineered permanent foundation or in accordance with the manufactured home

manufacturer's installation instructions or in accordance with all the standards, rules, regulations,

administrative orders and requirements of the commissioner of the Texas Department of Housing

and Community Affairs and/or the manufacturer of the manufactured home's DAPIA installation

plans for the manufactured home with a permanent foundation.

30.    The manufactured home and its permanent foundation was not as ordered and or

as represented and or as the model or samples shown.

31.    The manufactured home and its permanent foundation was not fit for the purpose

intended.

32.    The manufactured home its permanent foundation was not merchantible or fit for

the purpose intended when delivered to Plaintiffs.

33.    The non-conformities and or defects in the manufactured home's materials and

workmanship were reported to one or more of the Defendants or the Texas Department Housing and Community Affairs.

34.     The non-conformities and or defects in materials and workmanship in the manufactured home and its permanent foundation were obvious to a reasonably prudent retailer, installer, manufacturer or repairmen of manufactured housing and should have been discovered and disclosed to Plaintiffs and caught and repaired at the time of construction or prior to sale to Plaintiffs or  at least during installation and set up of the manufactured home on Plaintiffs' homesite or during the manufacturer's one-year warranty period.

35.     The manufactured home and its permanent foundation installation was not fit for the purpose intended and was not done in a good workmanlike manner.

36.     The warranty repairs and other repairs that were made by CAVCO HOME CENTER  and/or ORTIZ TRACTORWORKS and/or CAVCO INDUSTRIES and their agents and representatives to the manufactured home and/or its installation and set-up prior to and after the sale, and during the warranty period and thereafter were not performed in a good and workmanlike manner.

37.     Plaintiffs timely made request for warranty service in writing.  One or more of the Defendants, CAVCO HOME CENTER and ORTIZ TRACTORWORKS and CAVCO INDUSTRIES and ORTIZ TRACTORWORKS did not inspect the manufactured home and its installation and permanent foundation to determine and locate and repair all of the defects in materials and workmanship and disclose them to Plaintiffs before or after the sale.

38.     Even the items that Plaintiffs reported the defects to one or more of the Defendants, CAVCO HOME CENTER and CAVCO INDUSTRIES and ORTIZ TRACTORWORKS were not properly repaired and the repair workmanship was sloppy and not

performed in a good and workmanlike manner.

39.    CAVCO HOME CENTER and or CAVCO INDUSTRIES and ORTIZ TRACTORWORKS and/or their workers, agents, representatives made excuses and blamed each other for the manufactured home's condition and its installation and as to who was responsible for repairing the problems.

40.    CAVCO HOME CENTER and or CAVCO INDUSTRIES delayed making repairs and repairs were not completed because CAVCO HOME CENTER and or CAVCO INDUSTRIES workers did not have a complete list of repairs to do when they came to the manufactured home or they came without all the necessary parts, materials and equipment to do the repairs and complete the work.

41.    CAVCO HOME CENTER and or CAVCO INDUSTRIES promised to make repairs and be at Plaintiffs' manufactured home on certain dates and times and failed to appear and failed to notify Plaintiffs that they would not be there to do the work.

42.    CAVCO HOME CENTER and or CAVCO INDUSTRIES failed to complete the repair of the defects in materials and workmanship in the manufactured home within forty (40) days after they received notice of them in writing from the Plaintiffs or that were pointed out to them by the Plaintiffs at the manufactured home or at the inspection of the manufactured home.

43.    CAVCO HOME CENTER and/or CAVCO INDUSTRIES and/or ORTIZ TRACTORWORKS breached their respective express warranty and implied warranties that were given to the Plaintiffs or that were required by law.

44.    CAVCO HOME CENTER and its salesperson and ORTIZ TRACTORWORKS made additional express warranties and representations to Plaintiffs which were false, or were breached.

45.     At all times material in the manufactured home loan, credit, sale, transactions, installation and set up, warranty service and repair there existed a special intertwined relationship between one or more of the Defendants and Plaintiff that gave rise to the duty of good faith and fair dealing under the Texas Uniform Commercial Code because of the Plaintiffs' shared trust in them or because of the imbalance of bargaining power between the Plaintiffs and Defendants in Defendants dealings with the Plaintiffs during and after the sale.  Defendants' acts and action indicated their intent to not act in good faith and deal fairly with the Plaintiffs.

46.     As part of the sale and financing of the purchase of the manufactured home and other goods and services associated therewith express and implied warranties arose in the transaction on the part of CHASE MANHATTAN BANK with and through its dealer CAVCO HOME CENTER.

47.     Defendants, CAVCO HOME CENTER and CAVCO INDUSTRIES and ORTIZ TRACTORWORKS respective actions or course of action in their dealings with the Plaintiffs were unconscionable.

48.     Plaintiffs verbally revoked acceptance of the manufactured home on a number of occasions and in writing revoked acceptance of the manufactured home on April 10, 2000 which has been ignored by CAVCO HOME CENTER, CHASE MANHATTAN BANK, and CAVCO INDUSTRIES and now Plaintiffs seeks judicial rescission of the purchase Contract for the manufactured home and all documents Plaintiffs signed and that related to goods and services connected therewith for the manufactured home.

49.     One or more of CAVCO HOME CENTER and CAVCO INDUSTRIES and ORTIZ TRACTORWORKS and CHASE MANHATTAN BANKs' acts or misrepresentations, breach of express and implied warranties and breach statutory duties, or breach of the duty of

good faith and fair dealing was done knowingly or intentional and was the result of their conscious indifference to the rights and welfare of Plaintiffs.

50.     One or more of the  Defendants, CAVCO HOME CENTER and CAVCO INDUSTRIES and ORTIZ TRACTORWORKS conduct was committed with an actual awareness of the unfair nature of the conduct giving rise to Plaintiffs' claim.

51.     The Defendants transactions and dealings with the Plaintiffs was apparently part of a common plan, routine, scheme, and design calculated to take advantage of consumers like the Plaintiffs to an unfair degree.

52.     In order to punish, one or more of the  Defendants and set an example and thereby prevent other purchasers of manufactured housing from being treated in this manner exemplary damages are necessary.

## MAGNUSON-MOSS

53.     Paragraphs 9-52, above are realleged as if fully set forth herein.

54.     Pursuant to Magnuson-Moss Warranty-Federal Trade Commission Improvement Act, 15 U.S.C. § 2301 et. seq. (Magnusom-Moss) and Article 5221f § 14 the Defendant CAVCO INDUSTRIES and its retailer CAVCO HOME CENTER expressly and impliedly warranted the manufactured home a consumer product including it installation and permanent foundation would be free from defects in materials and workmanship for a period of one year from the date of delivery to the original purchaser; this limited warranty has failed of its essential purpose.

55.     CAVCO INDUSTRIES and CAVCO HOME CENTER are suppliers and warrantors as those terms are described in 15 USC 2301(3)(4) and gave the Plaintiffs written warranties, implied warranties and service contracts, in accordance with 15 USC 2301(6)(A)(b); 7; 8.

56.    CAVCO INDUSTRIES and CAVCO HOME CENTER attempts to prohibit or disclaim their respective implied warranties violate 15 USC 2308(a)(c).

57.    CAVCO INDUSTRIES and CAVCO HOME CENTER failed to comply with the rules set out in 16 CFR 702.

58.    The manufactured home and its installation and its permanent foundation was not free from defects and was not merchantable in that the manufactured home and its installation and permanent foundation as a FHA approved foundation or engineer designed foundation for the manufactured home would not pass without objection as fit for its ordinary or particular use because of the material defects in the construction of the manufactured home and its installation and its foundation.

59.    Defendants, CAVCO HOME CENTER and CAVCO INDUSTRIES failed to comply with the provisions of 15 U.S.C. 2308(a)(c), 2310(d)(1) and 16 C.F.R. 702.

60.    Further more, these defects are in violation of the Federal Manufactured Homes Construction and Safety Standards, which require that "[a]ll construction methods shall be in conformance with accepted engineering practices to insure durable, livable, and safe housing and shall demonstrate acceptable workmanship reflecting journeyman quality of work of the various trades." 24 C.F.R. 3280.303(b)

61.    Plaintiffs have suffered injury to their persons in that Defendant CAVCO INDUSTRIES's and CAVCO HOME CENTER's and ORTIZ TRACTORWORK's breach of its warranty has not only substantially impaired the value of the manufactured home to Plaintiffs, but has caused emotional distress, and such injury should have been foreseen by Defendant CAVCO INDUSTRIES and CAVCO HOME CENTER and ORTIZ TRACTORWORKS.

62.    Plaintiffs are entitled to damages and relief pursuant to Magnuson-Moss.

## BREACH OF CONTRACT - REVOCATION OF ACCEPTANCE -RESCISSION

63.     The facts stated contained in paragraphs 9-52, give rise to this cause of action:

64.     The conduct of CAVCO INDUSTRIES, and CAVCO HOME CENTER constitute a breach of one or more of the contracts and documents between Plaintiffs and CAVCO INDUSTRIES and CAVCO HOME CENTER.

65.     As a result of this breach Plaintiffs have suffered damages all of which were reasonably foreseeable.

66.     The manufactured home and its condition did not fit the purpose for which Plaintiffs' purchased the manufactured home and/or was not as ordered by Plaintiffs and Plaintiffs promptly rejected or revoked acceptance of the manufactured home and reported to one or more of the Defendants, CAVCO HOME CENTER and CAVCO INDUSTRIES the reasons for Plaintiffs  rejection or revocation and about the defects in the materials and workmanship in the manufactured home and its non-conformities that substantially impaired the value of the manufactured home to Plaintiffs.

67.     The Plaintiffs continued to discover further defects in materials and workmanship and non-conformities after the manufactured home was installed, set-up and repair work done and Plaintiffs rejected the manufactured home or in the alternative revoked acceptance of the manufactured home and promptly reported Plaintiffs position and those matters to one or more of the Defendants.  The defects in materials and workmanship in the manufactured home and its non-conformities were not repaired in a good and workmanlike manner.

68.     CAVCO HOME CENTER refused to comply with Plaintiffs rejection of the manufactured home or revocation of acceptance of the manufactured home

69.     Consequently, instead of owning a new manufactured home free of defects in

materials and workmanship and non-conformities Plaintiffs now had a manufactured home that had non-conformities and numerous defects in materials and workmanship.

70.     The manufactured home's interior had been abused and damaged and the structural integrity possibly damaged while in the possession of, CAVCO INDUSTRIES, and CAVCO HOME CENTER and/or ORTIZ TRACTORWORKS during their delivery, installation and set-up and subsequent repairs of the manufactured home.

71.     As a result of the above and foregoing the manufactured home suffers from non-conformities, which substantially impairs its value to the Plaintiffs.

72.     The Plaintiffs therefore, revoked acceptance of the manufactured home pursuant to § 2.602 and § 2.608 of the Texas Business and Commerce Code.

73.     All conditions precedent to rejection or in the alternative revocation of acceptance have occurred and/or been performed by the Plaintiffs.

74.     The Plaintiffs would show the Court that Plaintiffs have a security interest in the manufactured home pursuant to § 2.711(c) of the Texas Business and Commerce Code.

75.     As a result of Plaintiffs' security interest in the manufactured home, Plaintiffs have a right to retain possession of this manufactured home until such time as Plaintiffs are reimbursed for the sums of money which have been expended toward the down payment and monthly payments on the manufactured home and Plaintiff's incidental and consequential damages.

76.     Plaintiffs fear that one or more of the Defendants, will make adverse reports to one or more credit reporting agencies, which will damage Plaintiffs' credit reputation and/or result in a loss of credit to the Plaintiffs.  Plaintiffs would show the Court that it is extremely difficult to remove such reports once they have been introduced into the credit reporting system.

77.     Plaintiffs cannot enforce the revocation of acceptance of the manufactured home unless Plaintiff retains possession of it and is in a position to return it to CAVCO INDUSTRIES, and CAVCO HOME CENTER and CHASE MANHATTAN BANK.

78.     For the harm and damage done to the Plaintiffs and for the harm and damage that will continue, but for the intervention of this Court, the Plaintiffs have no adequate remedy at law if the Defendants are not enjoined from interfering with the Plaintiffs' possession of the manufactured home and/or from making adverse credit reports against the Plaintiffs, the Plaintiffs will suffer damage which continue in nature and difficult to calculate.

79.     The conduct described above was a producing, or a proximate and direct cause of actual damages to Plaintiffs.

80.     Plaintiffs seek relief requested in this petition pursuant to the common law of the state of Texas, Article 2 of the Texas Business and Commerce Code and/or the Deceptive Trade Practices - Consumer Protection Act (DTPA), including, but not limited to § 17.50(b)(3) and (4) of the DTPA.

## MANUFACTURED HOUSING STANDARDS ACT

81.     The facts stated in paragraphs 9-52 give rise to the following violations or breach of statutory duties under Article 5221f et. seq. whose purpose is to protect consumers like the Plaintiffs.

82.     At all times material CAVCO HOME CENTER was required to be registered as a retailer and installer as those terms are defined by Article 5221f § 3 and provided services as a retailer to Plaintiffs.

83.     At all times material CAVCO HOME CENTER had its salespersons, that were required to register as salesperson as that term is defined by Article 5221f § 3 deal with Plaintiffs

and provided services as a salesperson for the retailer to Plaintiffs.

84.    ORTIZ TRACTORWORKS was not a licensed installer as those terms are defined by Article 5221f § 3 when CAVCO HOME CENTER used ORTIZ TRACTORWORKS to install the Plaintiffs manufactured home and construct a permanent foundation for the manufactured home.

85.    At all times material CAVCO INDUSTRIES was a manufacturer, as defined by Article 5221f § 3 and provided services as a manufacturer to Plaintiffs.

86.    At all times material Plaintiffs were consumers as that term is defined by Article 5221f §3.

87.    CAVCO INDUSTRIES and CAVCO HOME CENTER and ORTIZ TRACTORWORKS have individually or collectively breached their respective statutory duties and violated one or more of the provisions of Article 5221f and 10 Tex. Admin. Code § 80.1 et. seq.  in their manufactured housing transactions and credit documents with the Plaintiffs which are the basis of this lawsuit.

88.    CAVCO INDUSTRIES and CAVCO HOME CENTER and ORTIZ TRACTORWORKS individual or collective statutory violations described above under Article 5221f §§ 17(c); 18(b) constitute as a matter of law separate or collectively, deceptive trade practices actionable under § 17.50 of the DTPA and each was a producing cause of the Plaintiffs' actual, economic  damages; mental anguish, expenses and attorney's fees.

## DECEPTIVE TRADE PRACTICES ACT

89.    The facts stated in paragraphs 9-52, 81-88 give rise to the following causes of action:

90.    Plaintiffs are consumers and sought and/or acquired goods and/or services by

purchase or connected with or arising out of one or more of Plaintiffs' credit, sales, warranty, warranty repairs, insurance and manufactured home transactions for goods and services from Defendants, individually or collectively.

91.     Defendants, at all times material hereto have been engaged in trade and/or commerce and provided or sold or offered or distributed goods and/or services to the Plaintiffs incidental to  or connected therewith or as a part of or directly growing out of one or more of Defendants' credit, sales, installation, warranty, warranty repairs, insurance and manufactured home transactions with each other and the Plaintiffs.

92.     Plaintiffs gave written notice of specific complaints to the Defendants, as required by the DTPA, before this suit was filed.

93.     All conditions precedent necessary to maintain this action have been performed or have occurred.

94.     The manner in which one or more of  the Defendants got the signatures of Plaintiffs on a document or documents that claim  Plaintiffs' agreed to waive their constitutional right to a jury trial and instead arbitrate all of Plaintiffs' causes of actions and claims, was unconscionable and was accomplished by Defendants engaging in one or more of the deceptive trade practices.

95.     Defendants engaged in one or more of the following deceptive acts and practices in their dealings with each other and the Plaintiffs:

§17.46(b)(1) passing off goods or services as those of another;

§17.46(b)(2) causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

§17.46(b)(3) causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another;

§17.46(b)(5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

§17.46(b)(7) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

§17.46(b)(9) advertising goods or services with intent not to sell them as advertised;

§17.46(b)(12) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

§17.46(b)(13) knowingly making false or misleading statements of fact concerning the need for parts, replacement, or repair service;

§17.46(b)(14) misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction;

§17.46(b)(19) representing that a guarantee or warranty confers or involves rights or remedies which it does not have or involve, provided, however, that nothing in this subchapter shall be construed to expand the implied warranty of merchantability as defined in Sections 2.314 through 2.318 and Sections 2A.212 through 2A.216 of the Business & Commerce Code to involve obligations in excess of those which are appropriate to the goods;

§17.46(b)(21) representing that work or services have been performed on, or parts replaced in, goods when the work or services were not performed or the parts replaced;

§17.46(b)(23) the failure to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

§17.50(a)(2) - breach of an express or implied warranty;

§17.50(a)(3) - any unconscionable action or course of action by any person;

Deceptive Trade Practices as a matter of law based on violations of Article 5221f §§ et. seq. and 10 Tex. Admin. Code § 80 et. seq.

96.     All or part of Defendants' individual or collective representations, or acts, or conduct or actions or courses of action  was a producing cause of the Plaintiffs' actual damages.

·   97.     Defendants individually or collectively knowingly engaged or engaged in their respective acts or practices in violation of the DTPA and such acts or practices individually or collectively were a producing cause of the Plaintiffs' actual damages, consequential damages, mental anguish, expenses and attorney's fees as specified herein.

98.     All or part of Defendants' individual or collective acts or practices have violated the DTPA and Plaintiffs are entitled to all relief allowed by the DTPA, and Plaintiffs requests the court to allow the Plaintiffs all such relief as allowed by §17.50 and the other provisions of the DTPA in the event Plaintiffs prevails in the lawsuit.

**FRAUD**

99.     The facts stated in paragraphs 9-52, gives rise to this cause of action:

100.    Defendants CAVCO HOME CENTER and CAVCO INDUSTRIES and ORTIZ TRACTORWORKS  individually and or collectively have made material representations which during the transactions described herein including how they obtained Plaintiffs' signatures on the Contract and related documents and on an  arbitration document) were false when made and made recklessly by CAVCO HOME CENTER and CAVCO INDUSTRIES and ORTIZ TRACTORWORKS with intention of Plaintiffs relying on them.

101.    Defendants CAVCO HOME CENTER and CAVCO INDUSTRIES and ORTIZ TRACTORWORKS intentional acts and representations as described herein were made to the Plaintiffs who relied upon them and were made by Defendants CAVCO HOME CENTER and CAVCO INDUSTRIES and ORTIZ TRACTORWORKS  individually or collectively in order for

the Plaintiffs to rely on them and to solicit or induce the Plaintiffs to do one or more of the

following:

1.    Put their signatures on credit, deposit, order, purchase, sale, insurance documents and arbitration document or similar documents

2.    To agree to purchase the manufactured home and a permanent foundation and other goods and services associated therewith;

3.    To execute credit documents,

4.    To deposit funds and/or property;

5.    To execute service/repair work orders;

6.    To sign a purchase agreement;

7.    To sign a retail installment contract for the manufactured home and other goods and services associated therewith;

8.    To sign documents that are not dated and had blanks and that were not notarized;

9.    To accept a nonconforming manufactured home with defects in materials and workmanship that was promised to be repaired or replaced;

10.    To allow the installation and set up of the manufactured home on Plaintiffs' homesite that did not have a FHA approved foundation, or engineered designed permanent foundation for the manufactured home;

all of which is the subject of this lawsuit.

102.    The Defendants CAVCO HOME CENTER and CAVCO INDUSTRIES's and

ORTIZ TRACTORWORKS' individual or collective acts, omissions, representations and

promises were each material and made with no intention of fulfilling them.

103.    The Plaintiffs relied upon one or more of the Defendants CAVCO HOME

CENTER and CAVCO INDUSTRIES and ORTIZ TRACTORWORKS or their agents or

representatives individual or collective acts, omissions, representations, and promises as

described herein when Plaintiffs did one or more of the foregoing described acts which are the

subject of this lawsuit.

104.    The Defendants CAVCO HOME CENTER and CAVCO INDUSTRIES and

ORTIZ TRACTORWORKS individually and/or collectively, knowingly, and/or intentionally,

and/or maliciously, and/or with actual awareness, falsely represented and failed to disclose the

material facts described herein to the Plaintiffs and made negligent misrepresentations as

described herein and the Plaintiffs relied upon them to Plaintiffs' detriment.

105.    The Defendants CAVCO HOME CENTER and CAVCO INDUSTRIES and ORTIZ TRACTORWORKS  individually or collectively are liable to the Plaintiffs for actual damages, punitive, or exemplary damages as set forth herein and for reasonable and necessary attorney's fees, expert's fees, costs for copies of depositions, and costs of court as described herein.

106.    Defendants  CAVCO HOME CENTER and CAVCO INDUSTRIES and ORTIZ TRACTORWORKS  individually or collectively are liable to the Plaintiffs for actual damages, punitive, or exemplary damages as set forth herein and for reasonable and necessary attorney's fees, expert's fees, costs for copies of depositions, and costs of court.

## NEGLIGENCE AND OR GROSS NEGLIGENCE

107.    The facts stated in paragraphs 9-52, 81-88, give rise to this cause of action:

108.    One or more of the Defendants, CAVCO HOME CENTER and CAVCO INDUSTRIES and ORTIZ TRACTORWORKS committed one or more acts of negligence, each of which was a proximate cause of the damages caused to the Plaintiffs in the manufactured home transactions described herein.

109.    One or more of the Defendants, CAVCO HOME CENTER and CAVCO INDUSTRIES and ORTIZ TRACTORWORKS were negligent per se as a result of its violations or failure to comply with and/or breached statutory duties in the manufactured home credit or sale or installation or warranty service transactions described herein.

110.    Plaintiffs were injured as a result of  the Defendants, CAVCO HOME CENTER and CAVCO INDUSTRIES and ORTIZ TRACTORWORKS individual and collective acts of negligence in the manufactured housing credit or sales or installation or warranty service and

permanent foundation transactions described herein.

111.    The injuries sustained by Plaintiffs are serious.  Plaintiffs have suffered damages in the past for mental anguish and in all reasonable probability Plaintiffs will continue in the future to suffer mental anguish as a result of Defendants' acts or conduct in the manufactured housing credit or sales or installation or warranty service transactions with Plaintiffs.

112.    One or more of the Defendants, CAVCO HOME CENTER and CAVCO INDUSTRIES and ORTIZ TRACTORWORKS were negligent in one or more of their acts or omissions and their respective acts and omissions all or in part were done intentionally, willfully, and or with reckless and/or conscious disregard of the rights of the Plaintiffs and caused the Plaintiffs personal injury in the form of mental anguish.

113.    Plaintiffs hereby sue the Defendants jointly and separately, for all of their damages in an amount in  excess of the exclusive jurisdiction of this court.


### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

114.    The facts stated contained in paragraphs 9-52, give rise to this cause of action:

115.    As a result of the relationship of the parties created by the manufactured home credit and sale and installation, permanent foundation and warranty and repair transactions and the Defendants respective warranties or because of the parties' unequal bargaining power, Defendants owed to Plaintiffs a duty to deal fairly and in good faith under the Texas Uniform Commercial Code.  Defendants have failed to deal in good faith with the Plaintiffs.  There was no reasonable basis for Defendants' actions including the manner in which they dealt with the Plaintiffs and obtained Plaintiffs' signatures on the Contract and numerous other documents and on an unconscionable arbitration document that was not part of their bargain or  an amendment to

or a conspicuous part of the Contract or any other documents for the purchase of the manufactured home or any other related documents or warranties.

116.    Defendants' actions were unfair because Plaintiffs' losses were the type of losses Defendants were responsible for preventing. Defendants thus breached their duty to deal fairly and in good faith with Plaintiffs.

117.    The conduct described above was a producing, or proximate and direct cause of actual damages to Plaintiffs and Plaintiffs also seek exemplary damages from the Defendants by reason of Defendants, breach of the duty of good faith and fair dealing.

## FAIR DEBT COLLECT PRACTICES ACT & TEXAS DEBT COLLECTION ACTION

118.    The facts stated in paragraphs 9-52, give rise to the following causes of action:

119.    Defendant, CHASE MANHATTAN BANK violations of the Fair Debt Collection Practices Act of 1978 --15 U.S.C. § 1692 - 1692o and Texas Finance Code §392.001 et. seq. are described herein.  Defendant, CHASE MANHATTAN BANK'S violations of Texas Finance Code § 392.001 et. seq. are a deceptive trade practice.

120.    As a result of the Defendant CHASE MANHATTAN BANK violations of the Fair Debt Collection Practices Act and Texas Finance Code §392.001 et seq. the Plaintiffs suffered actual damages, including emotional distress, and is also entitled to an award of statutory damages, actual damages, costs and attorneys' fees.

## VIOLATION OF U.C.C. & BREACH OF DUTY OF GOOD FAITH

121.    The facts stated in paragraphs 9-52, give rise to the following causes of action:

122.    The Plaintiffs' manufactured home falls within the definition of "consumer goods" contained in U.C.C. § 9.109.

123.    In the course of the transaction with Plaintiffs, Defendant CHASE

MANHATTAN BANK violated the provisions of Article 9, Part 5 of the Texas Uniform

Commercial Code § 9.503(1); 9.507 including but not limited to the following violations:

> Accelerating the debt on the manufactured home when the Plaintiffs were not in default
> and CHASE MANHATTAN BANK had knowledge that the debt was disputed;
> By not first requiring CAVCO HOME CENTER to repurchase the Retail Installment Sale
> Contract - Security Agreement in accordance with its dealer agreement;

124.   U.C.C. § 1.203 requires that Defendant, CHASE MANHATTAN BANK act in

good faith.

125.   Defendant, CHASE MANHATTAN BANK breached its duty to act in good faith

by engaging in one or more of the foregoing acts.

126.   Defendant, CHASE MANHATTAN BANK's breach of its duty of good faith in

violation of U.C.C. § 1.203 is wrongful.

127.   This wrongful behavior of Defendant, CHASE MANHATTAN BANK and its

agents and representatives was conducted intentionally, maliciously, or with reckless disregard

for Plaintiffs' rights and interests.

128.   These U.C.C. violations caused Consumer actual damages and also entitled

Plaintiffs to the sum equal to the time-price differential service charge plus ten percent (10%) of

the cash price pursuant to U.C.C. §9.507.

## DAMAGES

129.   Defendants, CAVCO HOME CENTER and CAVCO INDUSTRIES and ORTIZ

TRACTORWORKS continuing acts and practices were a producing cause and or a proximate

cause of actual damages and incidental and consequential damages to the Plaintiffs in an amount

that exceeds the minimum jurisdictional limits of the Court.

130.   Plaintiffs are entitled to recover separate statutory penalties from CHASE

MANHATTAN BANK and CAVCO HOME CENTER for their individual violations of one or more of the provisions of Texas Finance Code §347.001 et. seq. and/or Texas Finance Code §349.001 et. seq. and the Federal Truth in Lending Act.

131.   Pursuant to §17.50(b)(1) of the DTPA,Plaintiffs are entitled to recover from each of the Defendants, CAVCO HOME CENTER and CAVCO INDUSTRIES and ORTIZ TRACTORWORKS and CHASE MANHATTAN BANK herein economic damages and damages for mental anguish as found by the trier of facts for the  Defendants  CAVCO HOME CENTER and CAVCO INDUSTRIES and   CHASE MANHATTAN BANK conduct that was committed knowingly and for three times the amount of Plaintiffs' economic and mental anguish damages.

132.   Plaintiffs request that Plaintiffs be awarded damages in an amount that exceeds the minimum jurisdictional limits of the Court, proximately caused by one or more of  the Defendants, CAVCO HOME CENTER and CAVCO INDUSTRIES and ORTIZ TRACTORWORKS who were  negligent.

133.   Plaintiffs request that Plaintiffs be awarded exemplary damages against one or more of  the Defendants, CAVCO HOME CENTER and CAVCO INDUSTRIES and ORTIZ TRACTORWORKS in an amount that exceeds the minimum jurisdictional limits of this court to be determined by the trier of fact.

134.   As required by law, CHASE MANHATTAN BANK is also  joined as a necessary party Defendant and Plaintiffs' claims against  CAVCO INDUSTRIES and  CAVCO HOME CENTER herein are asserted by Plaintiffs against CHASE MANHATTAN BANK the holder of the manufactured home debt instrument in accordance with Article 5221f § 18(h). Plaintiffs'

claims against CAVCO HOME CENTER and CAVCO INDUSTRIES herein are asserted by Plaintiffs against CHASE MANHATTAN BANK as a claim or defense Plaintiffs have against CHASE MANHATTAN BANK as the holder of the debt instrument and Plaintiffs are entitled to recover from CHASE MANHATTAN BANK the actual amounts of money paid by Plaintiffs to CAVCO HOME CENTER, CAVCO INDUSTRIES and CHASE MANHATTAN BANK and for cancellation of the remaining balance of the debt instrument secured by the manufactured home and if the remaining balance of the debt instrument held by CHASE MANHATTAN BANK is canceled Plaintiffs will make the manufactured home available to be turned over and returned to CHASE MANHATTAN BANK in accordance with Article 5221f § 18(i).

135.   The total amount of damages for the causes of action herein that Plaintiffs are seeking does not exceed the sum of $65,000.00.

136.   The Plaintiffs are not alleging any federal claim or causes of action and there is no federal question alleged or intended.

137.   The Plaintiffs seek the relief requested in this cause pursuant to the common law of the state of Texas, Article Two of the Texas Business and Commerce Code and/or the Deceptive Trade Practice - Consumer Protection Act § 17.50(b), (d) and the Magnuson-Moss Act 15 USC § 2301 et. seq. and under Federal Truth in Lending Act, and the Fair Credit Reporting Act 15 U.S.C. §§ 1681, Tex. Fin. Code § 392.001 et. seq.

138.   Plaintiffs have employed the undersigned attorney to represent Plaintiffs in prosecuting this suit, pursuant to all causes of action and expressly pursuant to the provisions of § 17.50(d) of the DTPA; §38.001(1)(8).  Plaintiffs are entitled to recover reasonable and necessary attorney's fees in this cause as follows:

1.       A reasonable amount of legal fees, calculated at the rate of $250 per hour multiplied by the number of hours  Plaintiffs's attorneys have spent on the case from date of employment , as proven to the trier of facts for that time through the preparation and trial of this cause, and

2.       Conditional awards for attorney's fees in the event of appeal.

## RULE 194 REQUEST

**Plaintiffs hereby request disclosure from all Defendants of the matters set forth in Texas Rule of Procedure 194.**

**WHEREFORE,** Plaintiffs request that the Defendants be cited to appear and answer, and then on final trial have and recover a judgment for one or more of the following against the respective Defendants:

1.       Revocation of  acceptance;

2.       A temporary injunction enjoining the Defendants from interfering with the Plaintiffs' possession of the manufactured home the subject of this lawsuit and from making any adverse reports, including credit reports to any person or entity regarding the Plaintiffs and the credit transaction for their  purchase of the manufactured home;

3.       A permanent injunction enjoining the Defendants from interfering with the Plaintiffs' possession of the manufactured home the subject of this lawsuit and from making any adverse reports, including credit reports to any person or entity regarding the Plaintiffs and the credit transaction for their  purchase of the manufactured home;

4.       Judgment for Plaintiffs' damages including actual, economic, incidental and consequential damages;

5.       Exemplary damages against Defendants, CAVCO HOME CENTER and CAVCO INDUSTRIES and ORTIZ TRACTORWORKS in a sum determined by the trier of fact;

6.       Economic and mental anguish damages, and  three times those damages as additional damages pursuant to §17.50(b)(1) of the DTPA;

7.  Rescission and other relief allowed by § 17.50 (b)(3);

8.  Remedies and relief allowed for under Magnuson-Moss;

9.  Judgment for statutory damages and penalties under the Fair Credit Reporting Act 15 U.S.C. §§ 1681

10. Judgment for all of the damages plead for herein and as found by the trier of facts and allowed by law;

11. Pre-judgment interest at the highest lawful rate from such date as determined by the court or trier of the facts as allowed under Texas law until the date of judgment;

12. Statutory damages, costs and reasonable attorney's fees pursuant to Texas Debt Collection laws and Federal Fair Debt Collection Act of 1978 --15 U.S.C. §§ 1692k, 1692 - 1692o.

13. Interest after judgment at the highest lawful rate from the date of judgment until paid;

14. Legal fees as proven to the trier of fact;

15. All costs of suit, including expert witness' fees, cost for copies of deposition, and costs of court and all other costs of suit; and

16. Such other and further relief to which Plaintiffs may be justly entitled.

17. Plaintiffs requests a jury trial and tender the jury fee at the time of the filing of this lawsuit.

Respectfully submitted

LAW OFFICE OF F. TERRY CALLAHAN, P.C.

BY: _____

F. TERRY CALLAHAN - 03649500
311 W. Laurel
San Antonio, TX  78212
(210) 223-2378
Fax (210) 223-2545



**F. TERRY CALLAHAN**
*Attorney & Counselor at Law*

(210) 223-2378
Fax (210) 223-2545

F. Terry Callahan

*"A Professional Corporation"*
311 West Laurel
San Antonio, Texas 78212-4334

April 24, 2001

Mr. Lee Carlisle, County Clerk
Hays County
209 Justic Center,
110 E. Martin Luther King Dr.
San Marcos, TX 78666

FILED
at HAYS COUNTY, TEXAS
____ o'clock ____ M
APR 3 0 2001
Lee Carlisle
COUNTY CLERK

RE:   Our File No. 1743
       Lee Ortivez and Linda Ortivez vs. Cavco Industries, L.L.C.; CRG Holdings L.L.C. d/b/a
       Cavco Home Center and Robert Ortiz d/b/a Ortiz Tractorworks and Chase Manhattan
       Bank, USA

Dear Mr. Carlisle:

Enclosed herewith is the Plaintiffs Original Petition in the aforementioned lawsuit.

We have enclosed four extra copies of this petition for you to use in serving the four defendants
by certified mail.

My check in the amount of $337.00 is enclosed for your charges to file the lawsuit, serve the four
defendants by certified mail, return receipt requested and jury fee.

Please file stamp the extra copy, the first page of this original petition and return it to us in the
self-addressed stamped envelope.

Thank you for your assistance.

Kindest regards,

F. Terry Callahan

FTC/blh/65b-1743.fil.pet

Enclosures

Lee Carlisle
Hays County Clerk
Hays County Justice Center
San Marcos, Tx 78666

Receipt# 8807
Cause # 6708-C

LEE ORTIVEZ AND ERLINDA ORTIVEZ
vs.
CAVCO INDUSTRIES, L.L.C.; CRG HOLDINGS, L.L.

PAYOR:

Callalhan, Terry F.
311 W Laurel
San Antonio , Tx. 78212

Total Paid by Check:
Charges:

| | |
|---|---:|
| CLERK FEE (CV) $337.00 | 40.00 |
| JUDGES FEE (CV) | 5.00 |
| LIBRARY FEE (CV) | 20.00 |
| JUDICIAL FUND (STATE FEE) | 40.00 |
| REC PRESERV (CV) | 5.00 |
| CRTHS SECURITY (CV) | 5.00 |
| COURT REPORTERS FEE | 15.00 |
| CC INDIGENT SERVICES FUND | 5.00 |
| JURY FEE - CC | 22.00 |
| SERVICE BY MAIL (CV) | 180.00 |
| | -------- |
| Total Chgs: | $337.00 |
| Total Paid: | $337.00 |

PAGE 1 of 1

MEMO: Ck# 20227
Date Received: 05/01/2001
Issued by: CCDMR





CIVIL CITATION

STATE OF TEXAS                              CAUSE      NO.      6708-C

COUNTY OF HAYS                              COUNTY    COURT      AT    LAW

TO:  CAVCO INDUSTRIES LLC BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY,
DEFENDANT, 800 Brazos, Austin, Texas 78701 ,in the hereinafter styled and numbered cause:

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a
written answer with the Clerk who issued this citation by 10:00 A.M.  on the Monday next
following the expiration of 20 days after you were served this citation and petition, a
default judgment may be taken against you.

You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL
PETITION   at or before 10:00 o'clock A.M.  on the Monday next after the expiration of
twenty days after the date of service of this citation before the Honorable County Court at
Law of Hays County,Texas, at the Hays County Justice Center in San Marcos, Texas.

On APRIL 30, 2001  in this Cause Number 6708-C, on the docket of said Court and styled as
shown below, said Plaintiff's petition was filed in said Court by Callahan, Terry F.  311
 Laurel San Antonio , Tx.  78212


LEE ORTIVEZ AND ERLINDA ORTIVEZ

VS

CAVCO INDUSTRIES, L.L.C.; CRG HOLDINGS, L.L.C., D/B/A CAVCO HOME CENTER;
ROBERT ORTIZ D/B/A ORTIZ TRACTORWORKS AND CHASE MANHATTAN BANK, USA, N.A.

The nature of Plaintiff's demand is fully shown by a true and correct copy of PLAINTIFF'S
ORIGINAL PETITION accompanying this citation, and made a part hereof.

The Officer executing .this  citation  shall  forthwith  serve  the  same  according  to
requirements of Law, and the mandates hereof, and make due return as the Law directs.

ISSUED and given under my hand and seal of office, this the 2nd day of May, 2001 .

                              LEE CARLISLE
                              CLERK,  COUNTY  COURT
                              HAYS    COUNTY,  TEXAS


                              BY_____
                                      DEPUTY
    ***************************************************************************
                              OFFICER'S RETURN
Came to hand on the _____ day of _____,_____,at _____ o'clock __.M.,
and executed in _____ County, Texas, by delivering to the person listed below a
true copy of this citation and a true and correct copy of the PLAINTIFF'S ORIGINAL PETITION
attached thereto having first endorsed on such copy of said citation the date of delivery.

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |


FEES:$_____              _____
                               SHERIFF/CONSTABLE PCT.___ OF
                               _____ COUNTY, TEXAS

                               BY_____ DEPUTY

CIVIL CITATION

STATE OF TEXAS                              CAUSE    NO.    6708-C

COUNTY OF HAYS                              COUNTY   COURT    AT   LAW

TO:  CRG HOLDINGS LLC DBA CAVCO HOME CENTER BY SERVING ITS REGISTERED AGENT CORPORATION
SERVICE COMPANY, DEFENDANT, 800 Brazos, Austin, Texas 78701 ,in the hereinafter styled and
numbered cause:

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a
written answer with the Clerk who issued this citation by 10:00 A.M.  on the Monday next
following the expiration of 20 days after you were served this citation and petition, a
default judgment may be taken against you.

You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL
PETITION A  at or before 10:00 o'clock A.M.  on the Monday next after the expiration of
twenty days after the date of service of this citation before the Honorable County Court at
Law of Hays County,Texas, at the Hays County Justice Center in San Marcos, Texas.

On APRIL 30, 2001  in this Cause Number 6708-C, on the docket of said Court and styled as
shown below, said Plaintiff's petition was filed in said Court by Callahan, Terry F.  311
W Laurel San Antonio , Tx.  78212


LEE ORTIVEZ AND ERLINDA ORTIVEZ

VS

CAVCO INDUSTRIES, L.L.C.;  CRG HOLDINGS, L.L.C., D/B/A CAVCO HOME CENTER;
ROBERT ORTIZ D/B/A ORTIZ TRACTORWORKS AND CHASE MANHATTAN BANK, USA, N.A.

The nature of Plaintiff's demand is fully shown by a true and correct copy of PLAINTIFF'S
ORIGINAL PETITION A accompanying this citation, and made a part hereof.

The  Officer executing this citation shall  forthwith serve the same according to
requirements of Law, and the mandates hereof, and make due return as the Law directs.

ISSUED and given under my hand and seal of office, this the 2nd day of May, 2001 .

                                        LEE CARLISLE
                                        CLERK, COUNTY COURT
                                        HAYS   COUNTY, TEXAS



                                        BY_____
                                              DEPUTY
        ********************************************************************
                              OFFICER'S RETURN
Came to hand on the _____ day of _____,_____,at _____ o'clock __.M.,
and executed in _____ County, Texas, by delivering to the person listed below a
true copy of this citation and a true and correct copy of the PLAINTIFF'S ORIGINAL PETITION
A attached thereto having first endorsed on such copy of said citation the date of
delivery.

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

FEES:$_____
                        _____
                        SHERIFF/CONSTABLE PCT.___ OF
                        _____ COUNTY, TEXAS

                        BY_____ DEPUTY

CIVIL CITATION

| | |
|---|---|
| STATE OF TEXAS | CAUSE      NO.      6708-C |
| COUNTY OF HAYS | COUNTY   COURT      AT   LAW |

: ROBERT ORTIZ DBA ORTIZ TRACTORWORKS, DEFENDANT, P.o.  Box 1270, Manchaca, Texas 78652
n the hereinafter styled and numbered cause:

U HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a
itten answer with the Clerk who issued this citation by 10:00 A.M.  on the Monday next
llowing the expiration of 20 days after you were served this citation and petition, a
fault judgment may be taken against you.

ı are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL
TITION   at or before 10:00 o'clock A.M.  on the Monday next after the expiration of
enty days after the date of service of this citation before the Honorable County Court at
ı of Hays County,Texas, at the Hays County Justice Center in San Marcos, Texas.

APRIL 30, 2001  in this Cause Number 6708-C, on the docket of said Court and styled as
ɔwn below, said Plaintiff's petition was filed in said Court by Callahan, Terry F.  311
aurel San Antonio , Tx.  78212

LEE ORTIVEZ AND ERLINDA ORTIVEZ

VS

CAVCO INDUSTRIES, L.L.C.;  CRG HOLDINGS, L.L.C., D/B/A CAVCO HOME CENTER;
ROBERT ORTIZ D/B/A ORTIZ TRACTORWORKS AND CHASE MANHATTAN BANK, USA, N.A.

nature of Plaintiff's demand is fully shown by a true and correct copy of PLAINTIFF'S
GINAL PETITION accompanying this citation, and made a part hereof.

Officer  executing  this  citation  shall  forthwith  serve  the  same  according  to
uirements of Law, and the mandates hereof, and make due return as the Law directs.

UED and given under my hand and seal of office, this the 2nd day of May, 2001 .

LEE CARLISLE
CLERK, COUNTY COURT
HAYS  COUNTY, TEXAS


BY_____
DEPUTY
*******************************************************************
OFFICER'S RETURN
e to hand on the _____ day of _____,_____,at _____ o'clock __.M.,
executed in _____ County, Texas, by delivering to the person listed below a
e copy of this citation and a true and correct copy of the PLAINTIFF'S ORIGINAL PETITION
ached thereto having first endorsed on such copy of said citation the date of delivery.

| NAME | DATE | TIME | PLACE |
|---|---|---|---|
| | | | |

;:$_____

_____
SHERIFF/CONSTABLE PCT.___ OF
_____ COUNTY, TEXAS

BY_____ DEPUTY

### CIVIL CITATION

| | |
|---|---|
| STATE OF TEXAS | CAUSE     NO.    6708-C |
| COUNTY OF HAYS | COUNTY   COURT    AT   LAW |

TO:   CHASE MANHATTAN BANK USA NA BY SERVING ITS PRESIDENT MICHAEL BARRETT, DEFENDANT, 802 Delaware Avenue, 14th Floor, Wilmington, De 19801 ,in the hereinafter styled and numbered cause:

YOU HAVE BEEN SUED.   You may employ an attorney.   If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 A.M.  on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION  at or before 10:00 o'clock A.M.  on the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable County Court at Law of Hays County,Texas, at the Hays County Justice Center in San Marcos, Texas.

On APRIL 30, 2001  in this Cause Number 6708-C, on the docket of said Court and styled as shown below, said Plaintiff's petition was filed in said Court by Callalhan, Terry F.  311 W Laurel San Antonio , Tx.  78212

LEE ORTIVEZ AND ERLINDA ORTIVEZ

VS

CAVCO INDUSTRIES, L.L.C.; CRG HOLDINGS, L.L.C., D/B/A CAVCO HOME CENTER;
ROBERT ORTIZ D/B/A ORTIZ TRACTORWORKS AND CHASE MANHATTAN BANK, USA, N.A.

The nature of Plaintiff's demand is fully shown by a true and correct copy of PLAINTIFF'S ORIGINAL PETITION accompanying this citation, and made a part hereof.

The Officer executing this citation shall forthwith serve the same according to requirements of Law, and the mandates hereof, and make due return as the Law directs.

ISSUED and given under my hand and seal of office, this the 2nd day of May, 2001 .

```
                              LEE CARLISLE
                              CLERK, COUNTY  COURT
                              HAYS   COUNTY,  TEXAS


                              BY_____
                                   DEPUTY
```

*****************************************************************
### OFFICER'S RETURN
Came to hand on the _____ day of _____,_____,at _____ o'clock __.M., and executed in _____ County, Texas, by delivering to the person listed below a true copy of this citation and a true and correct copy of the PLAINTIFF'S ORIGINAL PETITION attached thereto having first endorsed on such copy of said citation the date of delivery.

| NAME | DATE | TIME | PLACE |
|---|---|---|---|
| | | | |

FEES:$_____

```
            _____
            SHERIFF/CONSTABLE PCT.___ OF
            _____ COUNTY, TEXAS

            BY_____ DEPUTY
```

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Received by (Please Print Clearly)   B. Date of Delivery

C. Signature
X *Michelle Helen*
☐ Agent
☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

Chase Manhattan Bank
Michael Barrett
802 Delaware Avenue, 14th Fl
Wilmington, DE 19801

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Copy from service label)
7099 3400 0013 1914 7248        L0708-C

PS Form 3811, July 1999        Domestic Return Receipt        102595-00-M-0952

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery
MA   3

C. Signature
X
☐ Agent
☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

CRG Holdings LLC
Cavco Home Center
800 Brazos
Austin, TX 78701

3. Service Type
☐ Certified Mail   ☐ Express Mail
☑ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☑ Yes

2. Article Number (Copy from service label)
7099 3400 0015 1914 7281        L0708-C

PS Form 3811, July 1999        Domestic Return Receipt        102595-00-M-0952

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery
MAY   3

C. Signature
X
☐ Agent
☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

Cavco Industries
Corporation Service Co.
800 Brazos
Austin, TX 78701

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☑ Yes

2. Article Number (Copy from service label)
7099 3400 0015 1914 663        L0708-C

PS Form 3811, July 1999        Domestic Return Receipt        102595-00-M-0952

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

FILED
HAYS COUNTY, TEXAS
at ___ o'clock ___ M.
MAY 04 2001

• Sender: Please print your name, address, and ZIP+4 in this box •

Lee Carlisle
110 E MLK
San Marcos, Tx 78666

Lee Carlisle
COUNTY CLERK

7 8666+5695

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

FILED
HAYS COUNTY, TEXAS
at ___ o'clock ___ M.
MAY 04 2001

Lee Carlisle
110 E MLK
San Marcos, Tx

Lee Carlisle
COUNTY CLERK

7 8666+5695

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

FILED
HAYS COUNTY, TEXAS
at ___ o'clock ___ M.
MAY 04 2001

Lee Carlisle
110 E MLK
San Marcos, Tx 78666



Lee Carlisle
COUNTY CLERK

7 8666+5695



**LEE CARLISLE**
Hays County Clerk
Hays County Justice Center
110 E. Martin Luther King Drive
San Marcos, Texas 78666

☐ MOVED, LEFT NO ADDRESS
☐ UNABLE TO VERIFY AS ADDRESSED
☒ UNDELIVERABLE AS ADDRESSED
☐ UNCLAIMED / NOT KNOWN
☐ NO SUCH STREET / NO SUCH #
☐ DO NOT FORWARD / REFUSED
☐ INSUFFICIENT ADDRESS
☐ NO MAIL RECEPTACLE
☐ BOX CLOSED/NO ORDER

CERTIFIED MAIL

7099 3400 0015 1914 6623

ORTI270* 78652 3019 1101 23 05/04/01
NOTIFY SENDER OF NEW ADDRESS
ORTIZ/ROBERT JOE
PO BOX 1990
KYLE TX 78640-1803

SAN MARC...
MAY 2 01
TEX...

U.S. POSTAGE
4.37
METER
8711846

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Robert Date
Tractor Works
P.O. Box 1270
Manchaca, TX 78652

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Delivery

C. Signature
X
☐ Agent
☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☑ Yes

2. Article Number (Copy from service label)
7099 3100 0015 1914 4023   1708-C

PS Form 3811, July 1999     Domestic Return Receipt     102595-00-M-0952

CAUSE NUMBER 6708-C

| | | |
|---|---|---|
| LEE ORTIVEZ AND ERLINDA ORTIVEZ, | § | IN THE COUNTY COURT |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| VS. | § | AT LAW |
| | § | FILED |
| CAVCO INDUSTRIES, L.L.C.; CRG HOLDINGS, | § | HAYS COUNTY, TEXAS |
| L.L.C. D/B/A CAVCO HOME CENTER; | § | at_____o'clock_____M. |
| ROBERT ORTIZ D/B/A ORTIZ TRACTORWORKS AND | § | |
| CHASE MANHATTAN BANK, USA, N.A., | § | MAY 2 5 2001 |
| | § | |
| DEFENDANTS. | § | HAYS COUNTY, TEXAS |

_Lee Carlisle_
COUNTY CLERK

### DEFENDANTS, CAVCO INDUSTRIES, L.L.C. AND
### CRG HOLDINGS, L.L.C. D/B/A CAVCO HOME CENTER'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Now come CRG HOLDINGS, L.L.C. D/B/A CAVCO HOME CENTER and CAVCO INDUSTRIES, L.L.C., Defendants herein, and file this, their Original Answer to Plaintiffs' Original Petition, and would show the Court as follows:

I.

Defendants CRG HOLDINGS LLC D/B/A CAVCO HOMES and CAVCO INDUSTRIES, L.L.C., deny each and every allegation contained within Plaintiffs' Original Petition and demand strict proof thereof by a preponderance of the evidence, as provided by Rule 92, Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, CRG HOLDINGS LLC D/B/A CAVCO HOMES and CAVCO INDUSTRIES, L.L.C. pray that upon final trial the Court will enter a take-nothing judgment against the Plaintiffs and in favor of these Defendants, and for such other and further relief to which they may be justly entitled.

Respectfully submitted,

SHADDOX, COMPERE, WALRAVEN & GOOD
1250 N.E. Loop 410, Suite 725
San Antonio, Texas  78209
210/822-2018
210/822-4068 (Fax Number)

By _____
STEPHANIE O'ROURKE
State Bar No. 15310800

ATTORNEYS FOR DEFENDANTS, CRG
HOLDINGS, L.L.C. D/B/A CAVCO HOME
CENTER AND CAVCO INDUSTRIES, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing DEFENDANTS, CRG HOLDINGS L.L.C. D/B/A CAVCO HOME CENTER AND CAVCO INDUSTRIES, L.L.C.'S ORIGINAL ANSWER has been sent via certified mail, return receipt requested, on this the 22nd day of May 2001, to:

Mr. F. Terry Callahan
LAW OFFICES OF F. TERRY CALLAHAN, P.C.
311 W. Laurel
San Antonio, Texas  78212

_____
STEPHANIE O'ROURKE

DEFENDANTS' ORIGINAL ANSWER
SOR/SSB/13028-003/CENTEX/ORTIVEZ/ANSWER.1
PAGE 2 OF 2

LAW OFFICES OF

## SHADDOX, COMPERE, WALRAVEN & GOOD

PROFESSIONAL CORPORATION

STEPHANIE O'ROURKE

THE NORTH FROST CENTER
1250 N.E. LOOP 410, SUITE 725
SAN ANTONIO, TEXAS 78209

TELEPHONE (210) 822-2018
FACSIMILE (210) 822-4068
E-MAIL sorourke@scwglaw.com

May 22, 2001

Lee Carlisle
Clerk, Hays County Court
110 E. MLK Drive
San Marcos, Texas  78666

Re:   Cause Number 6708-C
      *Lee Ortivez and Erlinda Ortivez v. Cavco Industries, L.L.C.; CRG Holdings L.L.C. d/b/a*
      *Cavco Home Center; Robert Ortiz d/b/a Ortiz Tractorworks and Chase Manhattan Bank,*
      *USA, N.A.*
      In the County Court at Law, Hays County, Texas

Dear Clerk:

Enclosed is an original and one copy of DEFENDANT CAVCO INDUSTRIES, L.L.C. AND CRG
HOLDINGS, L.L.C. D/B/A CAVCO HOME CENTER'S ORIGINAL ANSWER.  Please return a file-marked
copy of the Answer to me in the enclosed envelope.

A true and correct copy of the Answer has been sent to counsel of record.

Thank you for your assistance.

                              Sincerely,

                              SHADDOX, COMPERE, WALRAVEN & GOOD

                              Stephanie O'Rourke

/ssb
centex/ortivez/clerk.ltr

Enclosures

cc:   Mr. F. Terry Callahan              CERTIFIED MAIL
      LAW OFFICES OF F. TERRY CALLAHAN, P.C.   NUMBER 7000 0520 0025 4704 0417
      311 W. Laurel
      San Antonio, Texas  78212

CAUSE NUMBER 6708-C

| | | |
|---|---|---|
| LEE ORTIVEZ AND ERLINDA ORTIVEZ, | § | IN THE COUNTY COURT |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| VS. | § | AT LAW |
| | § | FILED |
| CAVCO INDUSTRIES, L.L.C.; CRG HOLDINGS, | § | HAYS COUNTY, TEXAS |
| L.L.C. D/B/A CAVCO HOME CENTER; | § | at_____o'clock____M. |
| ROBERT ORTIZ D/B/A ORTIZ TRACTORWORKS AND | § | |
| CHASE MANHATTAN BANK, USA, N.A., | § | JUN  4 2001 |
| | § | |
| DEFENDANTS. | § | ~~HAYS COUNTY~~, TEXAS |
| | | COUNTY CLERK |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Please take notice that the civil action in which you are named as a Plaintiffs, filed on April

30, 2001, in the County Court at Law of Hays County, Texas, entitled *Lee Ortivez and Erlinda*

*Ortivez, Plaintiffs, vs. Cavco Industries, L.L.C.; CRG Holdings, L.L.C. d/b/a Cavco Home Center;*

*Robert Ortiz d/b/a Tractorworks and Chase Manhattan Bank, USA, N.A., Defendants,* in Cause

Number 6708-C, has been removed from that Court to the United States District Court for the

Western District of Texas, Austin Division, effective June 1, 2001.  On such date, a Notice of

Removal, a copy of which is attached, was filed with the Clerk in the United States District Court,

and a copy of that Notice has been filed with the Clerk of the State Court, effecting removal pursuant

to 28 U.S.C. §1446.

NOTICE OF REMOVAL
SOR/SSB/13028-003/CENTEX/ORTIVEZ/REMOVAL.STATE
PAGE 1 OF 2

Respectfully submitted,

SHADDOX, COMPERE, WALRAVEN & GOOD
1250 N.E. Loop 410, Suite 725
San Antonio, Texas 78209
210/822-2018
210/822-4068 (Fax Number)

By _____
STEPHANIE O'ROURKE
State Bar No. 15310800

ATTORNEYS FOR DEFENDANTS, CRG
HOLDINGS, L.L.C. D/B/A CAVCO HOME
CENTER AND CAVCO INDUSTRIES, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing NOTICE OF REMOVAL has been sent via certified mail, return receipt requested, on this the 1st day of June 2001, to:

Mr. F. Terry Callahan
LAW OFFICES OF F. TERRY CALLAHAN, P.C.
311 W. Laurel
San Antonio, Texas 78212

_____
STEPHANIE O'ROURKE

LAW OFFICES OF

## SHADDOX, COMPERE, WALRAVEN & GOOD

PROFESSIONAL CORPORATION

IAN M. McLIN

THE NORTH FROST CENTER
1250 N.E. LOOP 410, SUITE 725
SAN ANTONIO, TEXAS 78209

TELEPHONE (210) 822-2018
FACSIMILE (210) 822-4068

June 1, 2001

Lee Carlisle
Clerk, Hays County Court
110 E. MLK Drive
San Marcos, Texas  78666

**VIA CM 7000 0520 0025 4704 2084**

Re:   Cause Number 6708-C
      *Lee Ortivez and Erlinda Ortivez v. Cavco Industries, L.L.C.; CRG Holdings L.L.C. d/b/a*
      *Cavco Home Center; Robert Ortiz d/b/a Ortiz Tractorworks and Chase Manhattan Bank,*
      *USA, N.A.*
      In the County Court at Law, Hays County, Texas

Dear Clerk:

Enclosed for filing please find an original and one copy of the Notice of Removal in reference to the above matter.  Kindly file stamp the copy and return in the postage paid envelope provided.

If you have any questions, comments, or concerns, please contact my office.  Thank you for your attention to this matter.

Very truly yours,

Ian M. McLin

IMM/mm
Enclosures
centex/ortivez/clerk.ltrs

cc:   Mr. F. Terry Callahan
      LAW OFFICES OF F. TERRY CALLAHAN, P.C.
      311 W. Laurel
      San Antonio, Texas  78212

**VIA CM 7000 0520 0025 4704 2091**